UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE NCAA I-A WALK-ON FOOTBALL PLAYERS LITIGATION | CASE NO. C04-1254C<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant's filing of a letter on November 15, 2005 (Dkt. No. 65), which raises concerns about Plaintiffs' now pending Motion for Class Certification, and on Plaintiffs' letter of November 16, 2005 (Dkt. No. 66), responding to Defendant's letter.

On September 19, 2005, after receiving the latest in a series of requests to reschedule deadlines, this Court issued a Minute Order (Dkt. No. 60) striking Plaintiffs' Motion for Class Certification (Dkt. No. 26) and ordering the parties to renote that motion when they were ready for the Court to consider the motion and the parties' responsive pleadings thereto. After no docket activity for almost two months, Plaintiffs filed a Reply in support of their motion on November 10, 2005 (Dkt. No. 61), along with supporting declarations. Plaintiffs noted their Reply for the next day, November 11, 2005 (a federal

MINUTE ORDER – 1

holiday), apparently in an attempt to reopen the original motion that was struck in September. Because the original motion was not renoted on the Court's motion calendar by Plaintiffs' filing of their Reply, the Court reopened Plaintiffs' Motion for Class Certification on November 14, 2005, treating it as a new motion and renoting it for three Fridays out (from the date Plaintiffs' Reply was filed) in accordance with the Local Rules. (Minute Order (Dkt. No. 64) (renoting the original class certification motion for November 25, 2005).)

The Court reopened the original motion on the assumption that, in accordance with the September 19, 2005 Minute Order, Plaintiffs' filing of their Reply signaled that the *parties* had reached an agreement that it was now time for the Court to consider Plaintiffs' original motion, along with Defendant's Response (Dkt. No. 49), Plaintiffs' Reply, and all the supporting papers filed therewith. However, Defendant's November 15, 2005 letter indicates that there has not been such agreement between the parties, and that Plaintiffs did not discuss noting dates or other scheduling matters surrounding their Motion for Class Certification before filing their Reply and attempting to note the original motion for November 11, 2005. Further, Defendant presents concerns in its letter about the content of Plaintiffs' Reply and Defendant's belief that it will be prejudiced by Plaintiffs' presentation of a new class definition and new expert testimony and legal argument. Defendant also feels that it now needs more discovery on these issues and a chance to respond to Plaintiffs. Finally, Defendant requests an immediate status conference in light of the parties' failure to come to any agreement on where to go from here. Plaintiffs, as outlined in their responsive letter, do not think any status conference, additional discovery, or additional briefing is necessary. They respond to Defendant's concerns with the assertion that their new class definition merely narrows the old one in a permissible manner and that they did not think they had a duty to consult with Defendant on renoting the original motion. Plaintiffs do not respond to the issue of their new expert testimony raised by Defendant.

Defendant has raised considerable concerns about potentially new arguments raised in Plaintiffs' Reply and the new class definition. In light of these substantive issues, Plaintiffs' failure to confer with

MINUTE ORDER – 2

1  Defendant before attempting to renote their original motion, and the present dispute about whether
2  Defendant should be able to conduct discovery or submit briefing about new issues and/or experts
3  presented in Plaintiffs' Reply, the Court finds and orders as follows:

4  Briefing and discovery on class certification commenced over 11 months ago.  Some, and maybe
5  many, arguments made in Plaintiffs' Motion for Class Certification and Defendant's Response likely are
6  now stale.  Plaintiffs changed their class definition and introduced new expert testimony in their Reply.
7  Without ruling on whether it is permissible for a class definition to be changed or simply narrowed in a
8  reply, the Court finds that some amount of additional briefing and discovery are necessary to ensure
9  fairness to both sides and to eliminate moot arguments from the current set of briefs on class certification.
10 The Court further finds that, rather than entering another round of briefing and responsive briefing on the
11 original motion and the new issues raised in the Response and/or Reply thereto, it is in the interest of
12 clarity and justice for the parties to start over.  Therefore, the Court hereby STRIKES the Plaintiffs'
13 Motion for Class Certification (Dkt. No. 26) and the responsive pleadings thereto, specifically
14 Defendant's Response (Dkt. No. 49) and Plaintiffs' Reply (Dkt. No. 61).

15 To be clear, in deciding a new motion for class certification, the Court will *not* consider *any* of the
16 motion papers stricken by this Order or class certification materials that currently appear on the docket.
17 Before this Court will consider class certification, the parties must submit fresh pleadings and supporting
18 declarations (however, the parties may refile declarations previously filed if they so choose).  The new
19 pleadings must precisely identify declarations that should be considered in conjunction with the pleadings,
20 and the Court will not consider any declarations or supporting documents not so referenced in the new
21 pleadings and filed or refiled on the docket.  All supporting declarations and voluminous documents shall
22 be submitted to the Court in hard copy, in binders, with tabs.  In their new motion for class certification,
23 Plaintiffs are free to present a proposed class definition and legal arguments that differ from their original
24 motion and/or incorporate the substance of their stricken Reply.  The stricken pleadings impose no
25 restriction on Plaintiffs' new motion.  Without expressing an opinion on whether the stricken Response
26 MINUTE ORDER – 3

and/or Reply were appropriate in scope, the parties are reminded to construct pleadings subsequent to the new motion (Defendants' response and Plaintiffs' reply) in accordance with the substantive parameters for responsive documents.

This is an opportunity for the parties to reframe the class certification issue comprehensively and concisely and to eliminate the clutter that would remain if proceedings on the stricken briefing were to continue from here.

Therefore, the parties are hereby ORDERED to adhere to the following schedule:

(1) November 17, 2005: Discovery related to class certification may continue from now until the January 27, 2006 completion date.  All parties may conduct such discovery.

(2) January 6, 2006: Plaintiffs' new Motion for Class Certification is Due.

(3) January 27, 2006: All Discovery related to class certification must be complete.

(4) February 10, 2006: Defendant's Response to Plaintiffs' Motion is Due.

(5) February 17, 2006: Plaintiffs' Reply in Support of their Motion is Due.

(6) February 17, 2006: New Noting date for Plaintiffs' Motion for Class Certification.

(7) NO FURTHER EXTENSIONS WILL BE GRANTED.  THIS SCHEDULE IS FINAL.

Finally, the Court finds that a status conference is unnecessary at this time.  As a starting point, the parties are advised to use the stricken motion papers as a guide to the available scope of discovery related to class-certification issues.  If additional issues arise in the course of discovery or after Plaintiffs file their new motion on January 6, 2006, the parties are directed to confer with each other on any additional discovery needed or expansion of the scope at that time.  This approach should obviate any need for an in-court hearing on that matter at this time.  The additional reasons presented by Defendants in support of an immediate status conference are mooted by the foregoing paragraphs that give both sides

MINUTE ORDER – 4

1  a fresh opportunity to frame their arguments in clean pleadings instead of attempting to do so in
2  piecemeal briefing on the stricken motion for class certification and responsive pleadings.

4      DATED this 17th day of November, 2005.

5                           BRUCE RIFKIN, Clerk of Court

7                      By  */s/ C. Ledesma*
                          Deputy Clerk

26  MINUTE ORDER – 5