UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE NCAA I-A WALK-ON FOOTBALL PLAYERS LITIGATION | CASE NO. C04-1254C<br><br>ORDER |

     This matter comes before the Court on Plaintiffs' Motion to Modify Scheduling Order (Dkt. No. 104), Defendant's Opposition thereto (Dkt. No. 106), and Plaintiffs' Reply (Dkt. No. 109), as well as Defendant's Letter of April 18, 2006 regarding the case schedule (Dkt. No. 111).

     This Court may modify a case scheduling order upon a showing of good cause. F ED. R. C IV. P. 16(b). On October 14, 2004, this Court entered a second Stipulated Case Management Schedule (Dkt. No. 25), following a status conference that set a trial date in this matter for June 6, 2006. The October 14, 2004 scheduling order set forth deadlines for discovery related to class certification, fact discovery on issues outside class certification, expert discovery, depositions, dispositive motions, and trial. Plaintiffs' motion for class certification was originally due by December 31, 2004, after all class certification discovery was to be complete. Fact discovery on issues outside class certification was to be completed one year later—by December 31, 2005—with expert discovery completed by March 31, 2006 and expert

ORDER – 1

reports served and expert depositions completed by that date as well.  Dispositive motions were set to be due 60 days after the close of expert discovery—May 30, 2006.  Trial was set to commence 7 days after that—on June 6, 2006.

Plaintiff's original motion for class certification was filed in January 2005, and numerous delays in class discovery and the parties' completion of briefing on class certification ensued.  This Court eventually struck the class certification motion, reopened class discovery, and directed new briefing on the issue.  Briefing on class discovery was finally completed on February 24, 2006, over a year after briefing and discovery on the issue began.  Today, the Court entered an Order denying class certification in this matter (Dkt. No. 112).

Given the resolution of the class certification issue, along with the fact discovery and expert discovery yet to be completed, the Court finds that a dispositive motions deadline of May 30, 2006 and a trial date of June 6, 2006 are unworkable and that a revision of the case schedule and extension of discovery deadlines is justified.

Accordingly, the Court STRIKES the June 6, 2006 trial date and ORDERS the parties to submit new pleading on the issue, with the Court's Order denying class certification in mind.  The briefing submitted on the instant motion is also STRICKEN and the parties are free to revise their positions on a new trial date, dispositive motions filing deadline, expert discovery completion deadline, and fact discovery completion deadline.  The parties are further DIRECTED to stipulate to these dates and to submit divergent suggestions only where absolutely necessary.  The Court will set expert report deadlines, expert deposition deadlines, and parameters for depositions such as those set forth in the October 14, 2004 scheduling order, as the parties request.  The Court also may set additional deadlines at the parties' request.

Therefore, Plaintiffs' Motion to Modify Scheduling Order is GRANTED IN PART and DENIED IN PART.  The parties are ORDERED to submit a *joint* status report within 15 days of the date of this Order addressing the following: (1) a proposed trial date; (2) a proposed dispositive motions filing

ORDER – 2

deadline, no less than 90 days prior to trial; (3) a proposed expert discovery completion deadline; (4) a proposed fact discovery completion deadline; (5) proposed expert report deadlines, expert deposition deadlines, and parameters for depositions (such as those set forth in paragraphs 2(b)(i)–(iii) and 2(d) of the October 14, 2004 scheduling order); (6) any other deadlines that the parties wish the Court to set related to the above dates; and (7) whether the parties are in agreement as to *each* date discussed in such status report, and if not, what the respective positions of the parties are as to scheduling these dates and the reason that they could not agree.  Upon consideration of the parties' status report, the Court will issue a scheduling order to supersede the October 14, 2004 scheduling order.

SO ORDERED this 3rd day of May, 2006.

John C. Coughenour

United States District Judge

ORDER – 3